United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN F PATTERSON,                       No C 05-4377 VRW

        Plaintiff,
                                        ORDER
  v

JO ANNE B BARNHART, Commissioner
of Social Security

        Defendant.
_____/

      On October 25, 2005, plaintiff John F Patterson, acting pro se, filed this action seeking judicial review of the final determination of the decision of the Appeals Council denying his application for social security benefits. On the same date, the "Procedural Order for Social Security Actions" of the United States District Court for the Northern District of California was filed in the court's file for this action and served on plaintiff. Doc # 2. That order sets forth five procedural steps pursuant to Civil Local Rule 16-5, below. Of relevance here, the second such step is that plaintiff is required to serve and file a motion for summary

judgment or for remand within thirty (30) days of service of defendant's answer.

On November 10, 2005, the court granted plaintiff's request for leave to proceed in forma pauperis and ordered service of the complaint on the defendant. Summons was returned executed. Doc # 8, 9, 10. On May 4, 2006, the defendant commissioner filed her answer. Doc # 11. Plaintiff thereafter failed to file his motion for summary judgment as required by the court's Procedural Order and Local Rule 16-5, below.

Civil Local Rule 16-5, which governs procedure in actions for review on an administrative record and provides in part:

> Within 30 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil LR 7-2 and FRCP 56. Defendant must serve and file any opposition or counter-motion within 30 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days after service of defendant's opposition or counter-motion.

Plaintiff's failure to file a motion for summary judgment violates both the court's Procedural Order and Civil Local Rule 16-5 and also may warrant dismissal for failure to prosecute pursuant to FRCP 41(b). "Plaintiff should be aware that although he is * * * representing himself in this action, he is nevertheless obligated to follow the same rules as represented parties." See King v Atiyeh, 814 F2d 565, 567 (9th Cir 1987). Lack of knowledge of the applicable rules and procedures is no excuse for failure to comply with those rules. See Swimmer v IRS, 811 F2d 1343, 1344 (9th Cir 1987).

\\
\\

1           **Accordingly, the court now ORDERS plaintiff to file his**
2   **motion for summary judgment on or before September 29, 2006.  Should**
3   **plaintiff fail to respond to this order in a timely fashion, the**
4   **matter will be dismissed for failure to prosecute under Rule 41(b).**
5   **The clerk is directed to serve on plaintiff a copy of the court's**
6   **<u>Handbook for Litigants without a Lawyer</u>.**

8           **IT IS SO ORDERED.**

                                                        */s/*

                                **VAUGHN R WALKER**
                                **United States District Chief Judge**

**United States District Court**
For the Northern District of California