**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOHN F PATTERSON,                    No C 05-4377 VRW

12              Plaintiff,
                                           ORDER
13        v

14   MICHAEL J ASTRUE, Commissioner of
     Social Security,
15

16              Defendant.

17   _____/

18

19        On October 25, 2005, plaintiff John F Patterson, acting

20   pro se, filed this action seeking judicial review of the final

21   determination of the decision of the Appeals Council denying his

22   application for social security benefits.  Doc # 1.

23        On November 10, 2005, the court granted plaintiff's

24   request for leave to proceed in forma pauperis and ordered service

25   of the complaint on the defendant.  Summons was returned executed.

26   Doc # 8, 9, 10.  On May 4, 2006, the defendant commissioner filed

27   her answer.  Doc # 11.  Plaintiff thereafter failed to file his

28   motion for summary judgment as required by the court's Procedural

**United States District Court**
For the Northern District of California

1   Order and Local Rule 16-5.  On August 31, 2006, the court issued an

2   order to show cause why the matter should not be dismissed for lack

3   of prosecution.  Doc # 12.

4          On December 28, 2006, after obtaining an extension of time

5   and securing counsel to represent him, plaintiff filed his motion

6   for summary judgment or remand, asserting that the administrative

7   law judge's decision was not supported by substantial evidence.  Doc

8   # 17.  In response, defendant Linda S McMahon, Acting Commissioner

9   of Social Security, filed a motion to remand the case to the Social

10  Security Administration for further administrative proceedings

11  pursuant to sentence four of 42 USC § 405(g).  Doc # 19.  The motion

12  recites that the Social Security Administration's Office of

13  disability Adjudication and Review had requested the remand and that

14  "[d]espite good faith efforts, the parties have been unable to agree

15  to a stipulated voluntary remand, thus necessitating this motion for

16  voluntary remand and the Court's involvement and adjudication."  Doc

17  # 19 at 2.  Plaintiff, however, has filed no response to defendant's

18  motion.  Given that defendant recites that plaintiff would not

19  stipulate to a remand, the court is left to assume that plaintiff

20  believes he is entitled to an award of benefits without further

21  administrative proceedings.  The court is, moreover, left to attempt

22  to discern the basis for this unusual remedy since plaintiff did not

23  address the point directly in his moving papers.

24         Plaintiff's moving papers raise two challenges to the

25  decision of the Administrative Law Judge (ALJ) at issue.  First, he

26  contends that the ALJ's determination that his subjective complaints

27  were not credible was not supported by substantial evidence.  Pl's

28  Memo (Doc #17 at 4-8.  Second, he contends that the ALJ stated that

**2**

**United States District Court**
For the Northern District of California

1   he would proffer a post-hearing MRE and consultative neurological

2   examination report to the medical expert, Dr Louis Lesko, for a

3   written report to be included in the record, yet failed to do so.

4   Id at 8-9.

5          Defendant concedes both points, Def's Memo (Doc #19) at 4-

6   5, but correctly points out that a court may exercise its discretion

7   to direct an award of benefits only "where the record has been fully

8   developed and where further administrative proceedings would serve

9   no useful purpose," citing Smolen v Chater, 80 F3d 1273, 1292 (9th

10  Cir 1996).  Stated another way, a

11              district court should credit evidence that was
              rejected during the administrative process and
12              remand for an immediate award of benefits if (1)
              the ALJ failed to provide legally sufficient
13              reasons for rejecting the evidence; (2) there
              are no outstanding issues that need to be
14              resolved before a determination of disability
              can be made; and (3) it is clear from the record
15              that the ALJ would be required to find the
              claimant disabled were such evidence credited.
16

17  Benecke v Barnhart, 379 F3d 587, 593 (9th Cir 2004).

18         It appears that this case fails to satisfy the second of

19  these three criteria given the ALJ's failure to provide the SSA's

20  medical expert with the reports he requested and to obtain the

21  expert's final report before issuing a decision.  Accordingly, it

22  appears that remand is the appropriate remedy.

23         This matter is ordered remanded to the Social Security

24  Administration for a new hearing and decision.  The Office of

25  Disability Adjudication and Review should remand this case to an ALJ

26  and direct him or her to proffer the post-hearing evidence to

27  plaintiff's counsel and to Dr Lesko and request from Dr Lesko a

28  complete medical opinion based on all the evidence in the record.

3

**United States District Court**
For the Northern District of California

1  The ALJ should re-evaluate plaintiff's credibility regarding his

2  subjective complaints, re-evaluate plaintiff's residual functional

3  capacity and, if necessary, consult with a vocational expert.  These

4  steps should be expedited to the greatest extent possible consistent

5  with full and fair reconsideration as directed by this order.

6          Plaintiff's motion for remand is GRANTED. Defendant's

7  motion for REMAND is granted. Plaintiff's motion for summary

8  judgment is DENIED.

9          The clerk is directed to enter judgment in accordance with

10 this order and to close the file.

11

12

13         IT IS SO ORDERED.

14

15  _____

16  VAUGHN R WALKER
    United States District Chief Judge

17

18

19

20

21

22

23

24

25

26

27

28

**4**